# NO. 22-60674

In the United States Court of Appeals
For the Fifth Circuit

## J. KYLE BASS,

*Petitioner*

v.

## SECURITIES AND EXCHANGE COMMISSION,

*Respondent.*

## RECORD EXCERPTS PER 5TH CIR. R. 30.2(B)

On petition for review from the Securities and Exchange Commission,
NCA 2018-079, Rel. No. 96439, File No. 2023-19

Andrew W. Guthrie
Texas Bar No. 24078606
Katherine S. Addleman
Texas Bar No. 09005400
Ryan Paulsen
Texas Bar No. 24060397
HAYNES AND BOONE, LLP
2323 Victory Avenue, Ste. 700
Dallas, TX  75219
Telephone: (214) 651-5000
*andrew.guthrie@haynesboone.com*
*kit.addleman@haynesboone.com*
*ryan.paulsen@haynesboone.com*

**ATTORNEYS FOR PETITIONER**

# TABLE OF CONTENTS

1. Order Determining Whistleblower Award Claims, Release No. 96439 (S.E.C. Dec. 2, 2022) .................................................................................. 1

2. Certificate of Service and ECF Certification .................................................... 9

# TAB 1

UNITED STATES OF AMERICA

Before the

SECURITIES AND EXCHANGE COMMISSION

SECURITIES EXCHANGE ACT OF 1934
Release No. 96439 / December 2, 2022

WHISTLEBLOWER AWARD PROCEEDING
File No. 2023-19

In the Matter of the Claims for an Award

in connection with

*SEC v. United Development Funding III et al.*

Case No. 3:38-cv-01735-L (N.D. Tex. Filed July 3, 2018)

Notice of Covered Action 2018-079

**ORDER DETERMINING WHISTLEBLOWER AWARD CLAIMS**

The Claims Review Staff ("CRS") issued Preliminary Determinations recommending that ▮▮▮▮ ("Claimant 1") receive a whistleblower award of nearly $2,500,000, which represents ▮▮ percent (▮%) of the monetary sanctions collected in the above-referenced Covered Action (the "Covered Action"). The CRS further preliminarily determined to recommend the denial of the award application submitted by J. Kyle Bass ("Claimant 2"). Claimant 1 did not submit a response contesting the Preliminary Determinations, but Claimant 2 submitted a timely notice contesting the preliminary denial of his/her award claim. For the reasons discussed below, the CRS's recommendations are adopted with respect to Claimant 1 and Claimant 2.

1

I.    Background

A.  The Covered Action

On July 3, 2018, the Commission filed a settled civil action in federal district court. The complaint alleged that UDF and its executives misled investors by failing to disclose that it could not pay its distributions and was using money from a newer fund to pay distributions to investors in the older fund. According to the complaint, UDF allegedly solicited investors by advertising annualized returns of up to 9.75 percent as well as regular distributions. The complaint alleged that for almost five years, UDF did not tell investors that it lacked the monthly cash flow at times to cover investor distributions in one of its older funds, UDF III. Instead, to pay these distributions, the newer fund, UDF IV, allegedly loaned money to developers who had also borrowed money from the older fund. Rather than using those funds for development projects underwritten by UDF IV, UDF directed the developers to use the loaned money to pay down their older loans from UDF III. In most cases, the developer allegedly never received the borrowed funds at all, and UDF simply transferred the money between funds so that UDF III could make the distributions to its investors. The complaint further alleged that UDF III failed to appropriately impair loans in violation of GAAP, and UDF IV did not adequately disclose the status of real property within its portfolio.

The complaint charged two UDF entities and five senior management executives for violations of Sections 17(a)(2) and (3) of the Securities Act of 1933, and the reporting, books and records and internal accounting control provisions of Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act and Rules 12b-20, 13a-1, and 13a-13 thereunder. In settlement, the individual defendants agreed to pay monetary sanctions totaling $8,275,000, which has been collected.

On August 31, 2018, the Office of the Whistleblower posted the above-referenced Notice of Covered Action on the Commission's public website inviting claimants to submit whistleblower award applications within 90 days.[1] Claimants 1 and 2 filed timely whistleblower award claims.

B.  The Preliminary Determinations

The CRS[2] preliminarily determined to recommend to the Commission that it find that Claimant 1 voluntarily provided original information to the Commission that led to the successful enforcement of the referenced Covered Action pursuant to Section 21F(b)(1) of the

---

[1] *See* Exchange Act Rule 21F-10(a); 17 C.F.R. § 240.21F-10(a).
[2] Rule 21F-10(d) under the Exchange Act provides that the CRS will "evaluate all timely whistleblower award claims submitted on Form WB-APP in accordance with the criteria set forth in the rules." 17 C.F.R. § 240.21F-10(d); *see also* Rule 21F-11(d).

2

Exchange Act and Rule 21F-3(a) promulgated thereunder, and that Claimant 1 receive an award of ▬% of the monetary sanctions collected or to be collected in the Covered Action.

The Claims Review Staff also preliminarily determined to deny Claimant 2's award claim because Claimant 2 is not a "whistleblower," having never individually provided the Commission with information about a possible violation of the securities laws.[3] The information that is the basis for Claimant 2's award claim was submitted to the Commission by an entity that is owned by Claimant 2, not by Claimant 2 in Claimant 2's individual capacity.[4] Additionally, Claimant 2 failed to submit a Form TCR to the Commission within 30 days of the submission of information upon which Claimant 2's award claim is based despite having constructive notice of the filing requirement.[5] As a result, the CRS determined that Claimant 2 does not qualify for a waiver of Claimant 2's noncompliance with this requirement, and the record does not unambiguously demonstrate that Claimant 2 would otherwise qualify for an award because he/she did not individually provide information to the Commission.[6]

### C. Claimant 2's Response to the Preliminary Determinations

Claimant 2 submitted a timely written response contesting the Preliminary Determinations.[7] Claimant 2 first asserts that that all of the information provided to the SEC was submitted in his/her individual capacity. Claimant 2 states that he/she researched and evaluated the information and decided to report his/her conclusions to the SEC. Claimant 2 further states that the entity's general counsel was acting on his/her behalf and at his/her direction when presenting information to the SEC. Claimant 2 therefore asserts that the entirety of the information submitted to the SEC was provided at his/her direction, including information presented by the entity's representatives, and should be attributed to Claimant 2 in his/her individual capacity, not to the entity. Claimant 2 further argues that individual whistleblowers routinely employ attorneys throughout the whistleblower process when interfacing with SEC staff and there is no requirement that all of the information come directly from the mouth or email of the individual. In support of Claimant 2's response, Claimant 2 submits a declaration of the entity's general counsel which states that he/she personally assisted Claimant 2 in reporting information to the SEC and acted entirely at the direction of Claimant 2. According to the general counsel, Claimant 2, through his/her own contacts, set up a meeting at the entity's offices

---

[3] *See* Exchange Act Section 21F(a)(6) (defining whistleblower as "any individual"); Rule 21F-2(a)(1); 17 C.F.R. § 240.21F-2(a)(1) ("[y]ou are a whistleblower… as of the time that, alone or jointly with others, you provided the Commission with information in writing that relates to a possible violation of the federal securities laws…"). *See also* Rule 21F-2(a)(2); 17 C.F.R. § 240.21F-2(a)(2) ("[a] whistleblower must be an individual. A company or other entity is not eligible to be a whistleblower.").
[4] *See* Order Determining Whistleblower Award Claim, Rel. No. 34-85793 (May 7, 2019).
[5] *See* Rule 21F-9(e); 17 C.F.R. § 240.21F-9(e). Even if Claimant 2 could be credited with the information submitted by the entity, Claimant 2's TCR was submitted approximately eighteen months after the entity, through its general counsel, provided information to the Commission.
[6] *See* Rule 21F-9(e)(2); 17 C.F.R. § 240.21F-9(e)(2).
[7] *See* Rule 21F-10(e); 17 C.F.R. § 240.21F-10(e).

with the SEC and other government agencies in April 2015. At that meeting, Claimant 2 states that he/she and an entity analyst led the discussion. The general counsel also stated that it was Claimant 2, in his/her personal capacity, who determined to report his/her findings to the SEC and other governmental authorities. Claimant 2 alternatively argues that if he/she and the entity provided information jointly (as stated in Claimant 2's late-filed TCR submission), Claimant 2 should be awarded whistleblower status while the entity should not.

Claimant 2 also contends that to the extent he/she failed to submit a timely Form TCR, he/she should be granted a waiver pursuant to Section 36(a) of the Exchange Act. While Claimant 2 appears to concede that he/she is not entitled to a waiver pursuant to Rule 21F-9(e), Claimant 2 contends that the 30-day timing requirement pursuant to Rule 21F-9(e) became effective on December 7, 2020, well after Claimant 2 provided information to the SEC. To the extent this rule applies to a previously filed TCR,[8] Claimant 2 argues that a waiver of the TCR filing requirements pursuant to Section 36(a) is in the public interest and consistent with the protection of investors.

## II. Analysis

### A. Claimant 1

The record demonstrates that Claimant 1 voluntarily provided original information to the Commission that caused Enforcement staff to open an investigation that led to the successful enforcement of the Covered Action.

The CRS preliminarily determined that Claimant 1  In making this recommendation, we considered: (1) Claimant 1's information was significant in that it revealed fraudulent conduct and prompted

---

[8] Rule 21F-9(e) applies to award applications pending as of the effective date of the amended rules and therefore applies to Claimant 2's application for award.
[9] 
[10]

the opening of the investigation; (2) Claimant 1's assistance during the investigation, which included several interviews and production of documents, assisted the staff in identifying witnesses and drafting subpoenas; and (3) the charges in the Covered Action were based on Claimant 1's information. ████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████

### B. Claimant 2

Contrary to the assertions in Claimant 2's response, the claim that Claimant 2 provided information in his/her individual capacity is unsupported by the record. While the entity's general counsel states that Claimant 2 determined to report the information in his/her personal capacity, there is no evidence that the general counsel or other entity representatives actually represented Claimant 2 in his/her individual capacity rather than the entity on the numerous occasions when they presented information to the SEC, including the initial submission of information by the general counsel to SEC staff in March 2015. Because Claimant 2 is the owner and founder of the entity, the fact that all entity employees are under the direction and control of Claimant 2 is not determinative here. Because an entity can only act through its associated individuals, Claimant 2 would need to demonstrate that these individuals were acting at his/her direction on his/her personal behalf rather than on behalf of the entity. Notably, the entity's general counsel does not state in his/her declaration that he/she ever represented Claimant 2 in Claimant 2's individual capacity. In response to OWB's request for additional information to clarify whether the general counsel's representation of Claimant 2 was in Claimant 2's individual capacity, the general counsel only reiterated that he/she worked at Claimant 2's sole direction on behalf of Claimant 2 and the entity when speaking with the SEC. The record, therefore, does not demonstrate that the entity's general counsel or employees ever represented anyone other than the entity when providing information to the SEC. Further, although Claimant 2 takes issue with the SEC staff's declaration stating that Claimant 2 "attended" the April 2015 meeting, even if we credit Claimant 2 with scheduling and leading that discussion as he/she contends, there is no evidence in the record supporting his/her assertion that the information was presented in his/her personal capacity rather than on behalf of the entity.

Claimant 2's request for a waiver pursuant to Exchange Act Section 36(a) is also unsupported by the record. Section 36(a)(1) provides that "the Commission, by rule, regulation, or order, may conditionally or unconditionally exempt any person… from any provision or provisions of [the Exchange Act] or of any rule or regulation thereunder, to the extent that such exemption is necessary or appropriate in the public interest, and is consistent with the protection

---

[11] ██

of investors."[12]  The "public interest" requirement supports the use of exemptive authority when "particular facts would make strict compliance" inappropriate in a specific case.[13]  In whistleblower matters, the Commission has found that the public interest warranted an exemption from a rule requirement in a limited number of cases where the unique circumstances of the particular matter raised considerations substantially different from those which had been considered at the time the rules were adopted, and a strict application of the rules would result in undue hardship, unfairness, or inequity.[14]

Claimant 2, however, has failed to demonstrate any circumstances that warrant an exemption from the TCR filing requirements.  The requirement that an individual submit a Form TCR has existed since the whistleblower rules went into effect in August 2011.[15]  Further, when proposing the subsequently adopted "clarification" to Rule 21F-9 in June 2018, the Commission stated:

> [T]he first time an individual provides information to the Commission that the individual will rely upon as a basis for claiming an award, the individual must provide that information in accordance with the procedures specified in Rules 21F-9(a) and (b)… To date, this has been the approach that the Commission has followed in making award determinations.[16]

Prior to the proposed amendments, the only exceptions to this were in the limited instances where we "allowed individuals to perfect a defective submission provided that the individual did so promptly and before any significant investigative steps had occurred with respect to the

---

[12] 15 U.S.C. § 78mm(a)(1).
[13] *AT&T Wireless Services, Inc. v. FCC*, 270 F.3d 959, 965 (D.C. Cir. 2001); *see P&R Temmer v. FCC*, 743 F.2d 918, 929 (D.C. Cir. 1984).
[14] *See, e.g.,* Order Determining Whistleblower Award Claim, Rel. No. 34-86010 (June 3, 2019) ("voluntary" requirement of Rule 21F-4(a) waived where, among other factors, claimants were not notified of request from ▮ that preceded their whistleblower submission); Order Determining Whistleblower Award Claims, Rel. No. 34-84046 (Sept. 6, 2018) ("voluntary" requirement waived where, among other factors, claimant learned the information he/she reported after he/she was interviewed by other agency); Order Determining Whistleblower Award Claims, Rel. No. 34-90721 (Dec. 18, 2020) (claimant's counsel used information from the claimant to submit an application as a whistleblower on behalf of themselves); Order Determining Whistleblower Award Claims*, *Rel. No. 34-90580 (Dec. 7, 2020) (counsel misunderstood communications from the staff about whether the claimant met the procedural requirements for participating in the whistleblower program).
[15] *See* Exchange Act Rule 21F-8(a); 17 C.F.R. § 240.2F-8(a) (providing that "[t]o be eligible for a whistleblower award, you must give the Commission information in the form and manner that the Commission requires" and specifying that the procedures for submitting information are described in Rule 21F-9).  Exchange Act Rule 21F-9(a) and (b), as in effect at the time the whistleblower rules went into effect in August 2011, required that in order "[t]o be considered a whistleblower under Section 21F of the Exchange Act… you must submit your information about a possible securities law violation by either of these methods: (1) Online, through the Commission's website located at www.sec.gov; or (2) By mailing or faxing a Form TCR… to the SEC Office of the Whistleblower" and that further, the submitter "must declare under penalty of perjury at the time you submit your information pursuant to paragraph (a)(1) or (2) of this section that your information is true and correct to the best of your knowledge and belief."
[16] Proposed Amendments to the Whistleblower Rules, Exchange Act Rel. No. 83577 (June 28, 2018) at 82.

submission"[17] and where the individual submits his or her information in accordance with the procedures specified in Rules 21F-9(a) and (b) shortly after the individual had provided the information to the Commission in a manner that was not in accordance with these procedures. Thus, even before the adoption of Rule 21F-9(e), Claimant 2 would not have qualified for an exception to the filing requirements because he/she waited eighteen months to submit a TCR and did so well after significant investigative steps had occurred.

Claimant 2 further contends that he/she is particularly suited for a waiver because he/she suffered from ineffective assistance of counsel throughout his/her whistleblower application.[18] According to Claimant 2, his/her attorney failed to communicate with the SEC, failed to open messages from SEC staff, and failed to familiarize himself with the basic requirements of a whistleblower application, which caused Claimant 2 to file his/her Form TCR after the required deadline. Claimant 2 further claims that his/her attorney was unaware that submitting the Form TCR late and jointly with the entity might impact Claimant 2's whistleblower eligibility. In support of Claimant 2's argument for a waiver, Claimant 2 references two whistleblower matters where waivers were granted. The first matter involved counsel who used information from the claimant to submit an application as a whistleblower on behalf of themselves.[19] The second matter involved, among other circumstances, counsel who misunderstood communications from the staff about whether the claimant met the procedural requirements for participating in the whistleblower program, but who made clear at the outset that the claimant intended to be a whistleblower.[20] Neither of these matters are instructive here. Claimant 2 does not allege that his/her counsel misappropriated Claimant 2's information and sought to pass it off as their own. Nor does Claimant 2 allege a misunderstanding of communications from the staff or demonstrate the existence of the unique combination of other facts and circumstances the Commission pointed to in that matter as justifying an exemption under Section 36(a). Claimant 2 provides no explanation as to why the TCR was submitted eighteen months after the general counsel's original contact with SEC staff. As a result, Claimant 2 has not demonstrated a sufficient reason for not timely filing a TCR that reflects the type of limited circumstance supporting the Commission's exercise of general exemptive authority under Exchange Act Section 36(a) or how a waiver would be necessary or appropriate in the public interest in this matter. Accordingly, Claimant 2 does not qualify for a waiver pursuant to Section 36(a) and his/her claim should be denied.[21]

---

[17] *See id.*, note 196; *see also* Adopting Release for the Whistleblower Rule Amendments, Exchange Act Rel. No. 34-9963 at 99 (Sept. 23, 2020) ("[t]hat said, we have not applied these procedural requirements rigidly and have through our practice permitted whistleblowers to 'perfect' their submissions of original information by complying with the requirements of Rule 21F-9(a) and (b) for a *brief period of time* from the date they first provide information to the Commission." (emphasis added).

[18] The general counsel of the entity did not submit Claimant 2's late-filed Form TCR. Rather, separate whistleblower counsel submitted the Form TCR and Claimant 2's Form WB-APP.

[19] Order Determining Whistleblower Award Claims, Rel. No. 34-90721 (Dec. 18, 2020).

[20] Order Determining Whistleblower Award Claims, Rel. No. 34-90580 (Dec. 7, 2020).

[21] Even were we to waive non-compliance with the Form TCR requirement, Claimant 2 still does not qualify for an award because Claimant 2 did not submit information to the Commission in his/her individual capacity.

### III.   Conclusion

Accordingly, it is hereby ORDERED that Claimant 1 shall receive an award equal to ███ percent (██%) of the monetary sanctions collected in the Covered Action.

It is further ORDERED that Claimant 2's whistleblower award application in the Covered Action be, and hereby is, denied.

By the Commission.

*Vanessa Ann Countryman*
Vanessa A. Countryman
Secretary

8

# TAB 2

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of March, 2023, I electronically transmitted the attached document to the Clerk of the Court of the 5th Circuit Court of Appeals using the ECF System of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Andrew W. Guthrie*
Andrew W. Guthrie

## ECF CERTIFICATION

I hereby certify that (1) required privacy redactions have been made pursuant to 5th Cir. R. 25.2.13; (2) the electronic submission is an exact copy of the paper document pursuant to 5th Cir. R. 25.2.1; (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses; and (4) the document will be maintained in paper form for three years after the mandate or order closing the case issues, per 5th Cir. R. 25.2.9.

*/s/ Andrew W. Guthrie*
Andrew W. Guthrie