No. 22-60674

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

J. KYLE BASS,

Petitioner,

v.

SECURITIES AND EXCHANGE COMMISSION,

Respondent.

_____

On Petition for Review of an Order of
the Securities and Exchange Commission

_____

MOTION OF RESPONDENT SECURITIES & EXCHANGE
COMMISSION FOR (1) VOLUNTARY REMAND AND
(2) STAY OF THE BRIEFING SCHEDULE OF THIS APPEAL
PENDING THIS COURT'S CONSIDERATION OF THE REMAND MOTION

_____

Case No. No. 22-60674

*J. Kyle Bass v. Securities and Exchange Commission*

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1. Addleman, Katherine S. (of Haynes and Boone LLP), counsel for petitioner Bass

2. Bass, J. Kyle, petitioner

3. Conley, Michael A., Solicitor, Securities and Exchange Commission

4. Guthrie, Andrew W. (of Haynes and Boone LLP), counsel for petitioner Bass

5. Paulsen, Ryan (of Haynes and Boone LLP), counsel for petitioner Bass

6. Shirey, William, counsel for respondent Securities and Exchange Commission

/s/ *William K. Shirey*
William K. Shirey

## INTRODUCTION

Respondent Securities and Exchange Commission moves pursuant to Federal Rule of Appellate Procedure 27 and Circuit Rule 27-4 for a full remand of this matter to the Commission. The Commission requests remand to allow it to consider an evidentiary issue raised by petitioner Bass that the Commission has determined warrants reconsideration and issuance of a new final order.

Further, because the Commission's answering brief is currently due on April 20, 2023, the Commission requests a stay of further briefing of this appeal pending this Court's consideration of the remand motion and an extension of the time for the filing of the Commission's responding brief if this Court determines not to grant the requested remand.

## BACKGROUND

1.  Enacted in 2010, Section 21F of the Securities and Exchange Act of 1934 authorizes the Commission to pay whistleblower awards in an amount equal to between 10 and 30 percent of the monetary sanctions collected in a qualifying Commission enforcement action.[1] *See id.* § 21F(b)(1). To receive an award, an award claimant must (among other things) qualify as a "whistleblower." *Id.*

---

[1] For the Commission to pay an award on an enforcement action, it must qualify as a "covered action." Section 21F(a)(1) provides that a "covered action" is "any judicial or administrative action brought by the Commission under the securities laws that results in monetary sanctions exceeding $1,000,000."

Section 21F(a)(6) directs in turn that only "individuals" are eligible and Exchange Act Rule 21F-2(a) clarifies that this means "[a] company or another entity is not eligible to be a whistleblower."

2. On December 2, 2022, the Commission issued a final order that denied an award application submitted by Bass in connection with the Commission's successful enforcement action in *SEC v. United Development Fund III et al.* ("*UDF Matter*"). *See In the Matter of the Claims for an Award in Connection with Notice of Covered Action 2018-079* (Exchange Act Rel. No. 96439) (Whistleblower Award Proceeding File No. 2023-19) (hereinafter "Award Order"). The denial was premised in part on the Commission's conclusion that Bass did not qualify as a whistleblower with respect to the information upon which he was basing his application. Award Order at 5. The Commission found that the information Bass's award application relied on was actually submitted to the Commission by an entity (Hayman Capital) that is wholly owned by Bass rather than by Bass in his "individual capacity." *Id.*

3. Because much of the information at issue was provided by the entity's general counsel, the Award Order's analysis of whether Bass qualified as a whistleblower was focused on whether "the general counsel … actually represented [Bass] in [his] individual capacity" when the general counsel "presented information to the SEC." *Id.* In resolving that factual issue, the Award

Order stated that "there is no evidence that the general counsel … actually represented [Bass] in [his] individual capacity rather than the entity on the numerous occasions when [the general counsel] presented information to the SEC …." *Id.* *See also id.* ("The record, therefore, does not demonstrate that the entity's general counsel … ever represented anyone other than the entity when providing information to the SEC."). The Award Order then relied on the absence of any such evidence in concluding that, "having never individually provided the Commission with information about a possible violation of the securities laws," Bass is ineligible for an award because he "is not a 'whistleblower[.]'" *Id.* at 3 (footnote omitted).

    4.    On December 29, 2022, Bass timely filed a petition for review in this Court. And on March 21, 2023, Bass filed an opening brief arguing (among other things) that the Commission erred "in concluding that Bass did not act in his individual capacity and thus was not a whistleblower." Bass's Opening Brief at 18. Bass argues (*id.* at 21) that the predicate for the Award Order's determination that Bass was not an award-eligible whistleblower—that there is "no evidence" in the record that the general counsel represented Bass in his individual capacity when the general counsel submitted information to the SEC—cannot be squared with record evidence in the form of an email from the entity's general counsel in

3

which the general counsel states that he was "working . . . on behalf of [Bass] and . . . [the] entity" when he submitted the information to the Commission. *Id.* at 22.

## DISCUSSION

The Commission acknowledges that, although ambiguous, the general counsel's statement in the email quoted in Bass's opening brief could be read to suggest that the general counsel represented Bass in his individual capacity when the general counsel provided information to the Commission. Accordingly, the Commission is of the view that the Award Order's determination that Bass is not a "whistleblower" because the factual finding that the general counsel was not representing Bass in his personal capacity warrants reconsideration by the Commission. The Commission therefore requests that this Court remand the order on review so that the Commission may address the evidence Bass identifies and reconsider the award determination.[2]

---

[2] A full remand is warranted notwithstanding the Award Order's separate determination that Bass failed to submit a required form (Form TCR) within the time period established by the Commission's whistleblower rules. In denying Bass's request for a waiver from that filing requirement, the Commission observed, among other things, that "[e]ven were [the Commission] to waive non-compliance with the Form TCR requirement, [Bass] still does not qualify for an award because [Bass] did not submit information to the Commission in his[] individual capacity." Award Order at 7, n.21. If the Commission were to conclude on remand that Bass did submit information in his individual capacity and was therefore an otherwise eligible "whistleblower," it would also be appropriate for the Commission to reconsider whether to exercise its discretion to grant a waiver of the Form TCR timing requirement.

A remand is likely to conserve the resources of the Court and the parties for several reasons. If the Commission were to conclude on remand that Bass is an award-eligible whistleblower and that a waiver of the Form TCR requirement is warranted, the issues currently on appeal would be mooted. And even if Commission were to deny Bass's claim on remand, the opportunity for the Commission to address the evidentiary issue discussed above is likely to narrow the issues in any subsequent appeal and result in an award determination that better aligns with the requirements of the Administrative Procedure Act, *see* 5 U.S.C. 706(2). Conversely, if this matter is not remanded now, resources could be expended unnecessarily because this matter might have to be briefed and argued twice—both now and after any subsequent remand.

## CONCLUSION

For the foregoing reasons, the Commission requests that this Court (1) remand this matter to the Commission and (2) stay further briefing while the Court considers the motion to remand. If the Court denies the Commission's motion to remand, the Commission requests that its response brief be due 30 days after the entry of the order denying the motion to remand.

Respectfully Submitted,

/s/ *William K. Shirey*
William K. Shirey
Counsel to the Solicitor
Securities and Exchange Commission
100 F. Street, N.E.
Washington, D.C. 20549
(202) 551-5043 (Shirey)

April 14, 2023

## CERTIFICATE OF CONFERENCE

I certify that I contacted counsel for petitioner Bass concerning the foregoing. In inquiring whether petitioner opposes motion, in accordance with Fifth Circuit Rule 27.4, petitioner's counsel informed me that petitioner "Bass does not oppose the SEC's request for a voluntary remand to reconsider its decision, with the understanding that the SEC will issue a new final order after the reconsideration." Petitioner's counsel also advised that Bass does not oppose a stay of the briefing deadlines pending the Court's determination about the remand.

/s/　*William K. Shirey*
William K. Shirey

## CERTIFICATE OF COMPLIANCE

      The foregoing motion to remand complies with the applicable type-volume requirements for a motion. This motion is prepared in 14-point Times New Roman font and it has only 1185 words.

                                         /s/    *William K. Shirey*
                                            William K. Shirey

April 14, 2023

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system on April 14, 2023. Further, a copy of the foregoing was concurrently served on petitioner's counsel using the appellate CF/EFC system.

/s/ *William K. Shirey*
William K. Shirey